INHABITANTS OF HARPSWELL *vs.* FREDERICK G. ORR & others.

Cumberland. Opinion April 16, 1879.

*Collector of taxes. Bond. Sureties. Real estate. Lien.*

Where the evidence fails to show any money in the hands of the collector not accounted for, and it is admitted that in the valuation books of the assessors there is no description whatever of the real estate taxed, such omission on the part of the assessors will relieve the collector of the duty of completing his collection, and his neglect to do so is not a breach of his official bond, and will not support an action against his sureties.

ON REPORT, from superior court.

DEBT on bond of collector of taxes. Writ dated December 13, 1875.

Plaintiffs discontinued as to Orr, the principal in the bond, and the case proceeded against the sureties.

Plea, general issue, and brief statement denying any breach of the bond; that if there had been, nothing was due the plaintiffs from the sureties thereon, and that the carelessness and negligence of the plaintiffs, through their officers and agents, have released the sureties from all liability.

The facts sufficiently appear in the opinion.

*W. Thompson,* for the plaintiffs.

*S. C. Strout & H. W. Gage,* for the defendants.

WALTON, J. Frederick G. Orr was chosen, and acted, as a collector of taxes for the eastern portion of the town of Harpswell for the years 1872 and 1873. He collected and paid over to the proper officers a little less than three-fourths of the amount committed to him for collection; and then, in 1875, without completing his collections, left the town and has not since returned. It is not improbable that he may have collected more than he accounted for; but there is no proof that he did. We must, therefore, assume that he did not; and it is upon this assumption, and the fact that there is no proof to repel it, that our decision is based. The question is whether, upon the facts agreed and the evidence reported, his neglect to complete the collection of the

taxes committed to him was a breach of his official bond and will support an action against his sureties. We think it was not. It is agreed that in the valuation books of the assessors there is no description whatever of the real estate taxed. We think this was such an omission on the part of the assessors as relieved the collector of the duty of completing the collection of the taxes; and that his neglect to do so, was not a breach of his official bond; and consequently will not support an action against his sureties. Not being described, no lien was created, and the real estate could not be sold for non-payment of the taxes assessed upon it. The omission deprived the collector of one mode of collecting the tax. There are many errors, mistakes, and omissions, which will not have that effect; and, in such cases, the collector will not be relieved of the duty of collecting the tax. But an error that does have that effect—that does deprive the collector of one of the modes which he would otherwise have of collecting the tax—will relieve him of the duty of collecting it; and his neglect to collect it will not be a breach of his official bond; and, consequently, will not support an action against his sureties. *Greene* v. *Lunt*, 58 Maine, 518. *Orneville* v. *Pearson*, 61 Maine, 552. *Boothbay* v. *Giles*, 64 Maine, 403.

*Judgment for the defendants.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.